## Commonwealth v. Smith

*John Q. Stranahan*, District Attorney, for Commonwealth.

*Hiram M. Drake*, for defendant.

MCKAY, J., February 1, 1961.—This case is before the court as an appeal from a summary conviction of defendant before Floyd Kilgore, Justice of the Peace of Jackson Township. In lieu of taking testimony, the district attorney and the attorney for defendant entered into a signed stipulation as to the facts.

At the hearing before the justice of the peace, which was held on November 1, 1960, defendant was found guilty of operating on a township road a truck of a weight in excess of that allowed by section 903 of The Vehicle Code of April 29, 1959, P. L. 58, the evidence showing that the truck operated by him had a gross weight of 56,360 pounds, whereas the maximum gross weight allowed for the type of truck used was 47,000 pounds. A fine of $900 was imposed. The stipulation as to the facts to which reference has been made reads as follows:

### Stipulated Facts

1. Defendants have been arrested by the Pennsylvania State Police and charged with operating an overloaded motor vehicle on a township road in Jackson Township, Mercer County.

2. Defendants are employed by Mooney Brothers Trucking Company which has an exclusive hauling contract with the Buckeye Coal Company to transport coal from its strip mining operation to its tipple, over a township road which is wholly within Jackson Township, Mercer County.

3. Prior to the arrest of the within defendants, the township supervisors of Jackson Township entered into a formal agreement with the Buckeye Coal Company whereby the Buckeye Coal Company agreed to construct an all weather road over the route in question and keep it up and maintain it at their own expense in consideration of which the said township supervisors agreed that the Buckeye Coal Company, their agents, employes or subcontractors could transport coal over said road without regard to weight limitations which might otherwise be imposed by law.

4. As a further consideration for said agreement, the township supervisors issued a special permit for each truck in use by the said Mooney Brothers Truck-

ing Company to transport coal over said township road without regard to weight restriction otherwise imposed by law.

5. The supervisors felt it was to the best interest of the township to enter into said contract for the improvement of the road and to authorize the transportation of coal thereon without regard to weight restrictions otherwise imposed by law.

6. If a fine were imposed in the within case, it would be paid to the township. In view of the agreement and the permits heretofore issued, it is the desire of the supervisors to waive the imposition of any fines in the within case.

7. Defendants are wholly innocent of any intentional wrong-doing and were acting in good faith and under the advice of counsel and in reliance upon the agreement and permits heretofore referred to which had been prepared and issued by their own counsel in collaboration with the township solicitor.

## Discussion

In determining whether defendant is guilty, the first question is: May township supervisors issue a permit to an operator of a truck to transport an excessively weighted vehicle over a township road on more than one occasion? Or more simply stated, do township authorities have the power to issue a general permit to exceed the weight limits specified by The Vehicle Code? Section 905 of The Vehicle Code[1] provides:

". . . local authorities in their respective jurisdictions, may, at their discretion, . . . issue *special* permits, in writing, authorizing the applicant to operate or move upon any highway under the jurisdiction of and for the maintenance of which the authorities granting the permit are responsible; . . .

---

[1] Act of April 29, 1959, P. L. 58, sec. 905, as amended, 75 PS §905.

every such permit shall be issued for a *single trip*, or *continuous round trip*, and shall designate the route to be traversed; . . ." (Italics supplied.)

Section 1103 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 PS §1103, states that "Local authorities, except as expressly authorized by this act, shall have no power or authority . . . to enact or enforce any ordinance, rule or regulation contrary to the provisions of this act."

From a reading of the above excerpts from the statute, it is apparent that while the township supervisors may issue a permit to exceed the weight limits of The Vehicle Code of April 29, 1959, in transporting a vehicle upon a township road, such permit must be a *special* permit for each trip.

It follows, therefore, that the general permit under which defendant was operating a truck of excessive weight load was not authorized by law and is void.

It does not necessarily follow, however, that for that reason he is guilty of the summary offense of violating the penal provision of the statute and is subject to a fine of $900.

The element of criminal intent is necessary to every crime, including a violation of The Vehicle Code of April 29, 1959. This is particularly true when the fine specified by the legislation is mandatory and is in a substantial amount. When the legislature specified in The Vehicle Code of April 29, 1959, that one operating a motor vehicle when its load is 9,300 pounds heavier than the maximum permitted under the act shall pay a fine of $900, it obviously intended to prohibit only a calculated act which intentionally defied the law.

The conduct of the defendant in this case lacked the element of criminal intent. While he operated his truck on the township road knowing that his weight was in excess of that permitted by the statute, he also knew that the township authorities had the right under The

Vehicle Code of April 29, 1959, to permit one to operate a tractor with a heavier load and that, in this instance, they had entered into a formal agreement with his employer for the very purpose of granting such permission. He had a right to assume that, until the validity of the agreement by his employer and the township supervisors had been ruled to be illegal, he was operating his vehicle lawfully under the general permit that had been issued pursuant to the agreement. Hence, he was guilty of no crime.

Apart from the above reason, the general permit could well be construed to be at least a special permit for the particular trip for which he was arrested, and, for that additional reason, he is not guilty of the offense charged.

It should be added, however, that inasmuch as it is now declared to be the law that the general permit under which he operated his truck is void, any further attempt by him or any other person to disregard the statutory weight limits on the strength of the void permit would amount to a violation of the act.

### Order

Now, February 1, 1961, the above-named defendant is found not guilty, and it is ordered that the costs be paid by the County of Mercer.